| DISTRICT | OFF. | DOCKET NO. YR. NUMBER | OR | FILING DATE MO DAY YR. | J | NATURE SUIT | DIV. P | R FILED CB | $ DEMAND THOUSANDS | JUDGE | MAG. | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T 1274 N | | 1 03 06 87 | 3 | 441 | | | 1 | 2706 | | 01107 | | 87T1274 N |

**CAUSE:**

**PLAINTIFFS**

JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES MC BRIDE; and LOUIS HALL, JR.

v

**DEFENDANTS**

PICKENS COUNTY BOARD OF EDUCATION

**CAUSE**
**(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)**

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

**THOMPSON**

**ATTORNEYS**

James U. Blacksher
465 Dauphin Street
Mobile, AL  36602
433-2000

Larry Menefee
5th Floor, Title Bldg.
300 21st Street, N
Birmingham, AL  35203
322-7300/322-7313

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL  35233-2810
322-6631

Julius L. Chambers
Lani Guinier
Pamela Karlan
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY 10013 [212 219-1900]

Don Siegelman
Alabama Attorney General

Susan Russ
Assistant Attorney General
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
261-7406

David Boyd
BALCH & BINGHAM
P. O. Box 78
Montgomery, AL  36101
834-6500

Ray Ward
RAY, OLIVER, WARD & PARSONS
P. O. Box 65
Tuscaloosa, AL  35402
345-5564

| CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|
| X | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| | | | | JS-5 | 12/5/87 |
| | | | | JS-6 | 5/5/88 |

UNITED STATES DISTRICT COURT DOCKET

DC-111 (Rev: 1/87)

...

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
|  |  | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al.  FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 8/12/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

```
DC 111A
(Rev. 1/75)
```

OPTION A B

CIVIL DOCKET CONTINUATION SHEET    (Atty Ray Ward)

| PLAINTIFF | DEFENDANT | DOCKET NO. |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: PICKENS COUNTY BOARD OF EDUCATION | 87-T-1274-N 85-T-1332-N PAGE ___ OF ___ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 12 | | Pickens County Board of Education's selection of defendant subclass Option A. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 12 | | Pickens County Board of Education's motion to dismiss. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 17 | | ORDER setting Pickens County Board of Education's 8/12/87 motion to dismiss for submission, without oral argument, on 8/28/87. (Copies mailed counsel; furnished Magistrate Carroll). EOD 8/17/87 |
| 19 | | Defendant class member Pickens County Board of Education's motion to defer response to plaintiffs' request for admissions. Referred to Judge Thompson. (Cy furnished Magistrate CArroll.) |
| 20 | | ORDER denying Pickens County Board of Education's 8/19/87 motion to defer response to plaintiffs' request for admissions. (Copies mailed to counsel; furnished Magistrate Carroll). EOD 8/20/87 |
| 27 | | Plaintiffs' memorandum brief opposing motion to dismiss. |
| 28 | | Pickens County Board of Education's brief and argument in support of motion to dismiss. (Cy furnished Magistrate Carroll.) Referred to Judge Thompson. |
| Sep. 11 | | ORDER that the submission of Pickens Coutny Board of Education's 8/12/87 motion to dismiss is continued to 9/18/87 with plaintiffs to file supplemental brief by 9/15/87 and defendant to do the same by 9/18/87. (Copies mailed to counsel; furnished Magistrate Coodey.) EOD 9/11/87. |
| Sep. 14 | | ORDER as follows: (1) by **9/17/87** the plaintiff class shall serve and file, individually with respect to each jurisdiction which is a member of subclass A, a **detailed statement of the plaintiffs' claims**; (2) not later than **9/25/87**, the respective jurisdictions which are members of subclass A shall individually **respond to the statement filed by the plaintiff class** pursuant to paragraph one; (3) a **status conference** will be held **Tuesday, 9/29/87** at 2:00 p.m., federal courthouse, Montgomery; (4) at the status conference, the subclass A jurisdictions should be prepared to nominate to the court a person to serve as liaison counsel for subclass A; (5) other matters, including scheduling of trials of liability and remedy issues for subclass A jurisdictions, will be addressed at the status conference; (6) the Clerk is DIRECTED to send a copy of this order to all jurisdictions which are members of subclass A. (Copies mailed to counsel, including counsel for subclass A jurisdictions; furnished Magistrate Carroll.) EOD 9/14/87. |
| 17 | | Plaintiffs' <u>supplemental</u> memorandum opposing motion to dismiss. |
| 18 | | Plaintiffs' statement of claim against Subclass A member Pickens County Board of Education. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 22 | | Defendant class member Pickens County Board of Education's <u>supplemental</u> brief and argument in support of motion to dismiss. Referred to Judge Thompson. |

OPTION A

| DC 111A (Rev. 1/75) | | CIVIL DOCKET CONTINUATION SHEET | (Atty Ray Ward) | |
|---|---|---|---|---|
| JOHN DILLEARD, et al. | | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: PICKENS COUNTY BOARD OF EDUCATION | DOCKET NO. | 85-T-1332-N 87-T-1274-N |
| | | | PAGE ___ OF ___ PAGES | |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Sep. 30 | | NOTICE OF PRETRIAL HEARING ORDER setting **pretrial hearing** in Montgomery on 1/4/88, at 2:30 p.m. (Copies mailed to counsel, including main counsel; furnished Magistrate Carroll.) EOD 10/1/87 |
| | 30 | ORDER allowing the parties until **1/4/88**, to complete discovery and to exchange lists of witnesses and exhibits; allowing parties until **11/1/87**, to file dispositive motions; directing plaintiffs and each subclass A jurisdiction to draft and exchange proposed redistricting plans by **1/4/88**. (Copies mailed to main counsel and counsel for subclass A jurisdictions; furnished Magistrate Carroll.) EOD 10/1/87 |
| Oct. 2 | | Plaintiffs' suggestions for designation of defendant Subclass A representatives and liason counsel. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| | 5 | ORDER allowing all subclass A members <u>7</u> days from the date of this order to file responses to plaintiff's suggestions for designation of defendant Subclass A representatives and liaison counsel. (Copies mailed to counsel.) EOD 10/6/87. |
| | 13 | ORDER denying defendant Pickens County Board of Education's motion to dismiss filed on 8/12/87; allowing said defendant 7 days from the date of this order to indicate to the court in writing it has elected to shift to 'option B' pursuant to the 7/13/87 interim consent decree. Further ORDERED that should said defendant shift to 'option B,' it has until 10/30/87 to comply with the 9/14/87 order applicable to all subclass B members, a copy of which is attached. As to Pickens County Board of Education, this subclass B order would supercede all prior administrative and procedural orders previously entered as to the board. (Copies mailed to counsel.) (Cy furnished Magistrate Carroll.) |
| | 13 | Plaintiffs' <u>amendment</u> to suggestions for designation of defendant subclass A representatives and liaison counsel. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| | 14 | ORDER allowing all subclass A members 7 days from the date of this order to file responses to plaintiffs' 10/13/87 amendment to suggestions for designation of defendant subclass A representatives and liaison counsel. (Copies mailed to counsel.) (Cy furnished Magistrate Carroll.) EOD 10/14/87. |
| | 16 | Plaintiffs' request for admissions. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| | 20 | ORDER and JUDGMENT (1) DIRECTING counsel for plaintiffs and counsel for all Subclass A members to file with the clerk all discovery materials relating to Subclass A members; and (2) DIRECTING clerk to accept all such discovery materials. (Copies mailed to counsel.) EOD 10/21/87. |
| | 21 | Pickens County Board of Education's selection of **Subclass B.** Referred to Judge Thompson. (Copies mailed to counsel.) **TRANSFERRED TO OPTION B.** |

OPTION B

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET   (Atty Ray Ward)

| PLAINTIFF | DEFENDANT | DOCKET NO. ~~85-T-1332-N~~ |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: PICKENS COUNTY BOARD OF EDUCATION | 87-T-1274-N PAGE ___ OF ___ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Oct. 30 | | ORDER, subject to court's later consideration of any objections (1) **decertifying subclasses B and C** as members of defendant class action; directing clerk to assign separate civil action numbers to proceedings with respect to each jurisdiction in subclasses B and C; (2) directing that decertified proceedings shall continue as a class action as previously certified with respect to plaintiffs; (3) **consolidating** the separate actions with respect to the former members of subclasses B & C for purposes of carrying out the procedures prescribed by interim consent decree; directing that the Attorney General shall continue to serve as lead counsel for defendants and David Boyd shall continue to serve as liaison counsel for defendants; directing that procedures in paras. 9-20 of interim consent decree shall continue in force and effect for the consolicated actions; (4) directing that all prior orders in this action not inconsistent with this order shall remain in full force and effect; (5) directing that the Attorney General shall promptly furnish a copy of this order to all jurisdictions of subclass B or subclass C; directing that any **objections** to procedural changes ordered herein must be filed, detailed written statement, with the clerk not later than **11/13/87**; hearing to be set by court on objections which warrant such a proceeding; (6) directing that unless the court receives some objection, this order shall take effect on **11/18/87** and no further order will be entered; directing that if no further order is entered before 11/18/87, the parties should assume that the court received no objections. (Copies mailed to counsel.) (Cy furnished Magistrates Carroll and Coody.) EOD 10/30/87. |
| | 30 | Pickens County Board of Education's remedy proposal. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| Nov. 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |
| 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwan Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| **1988** Jan. 26 | | Magistrate Carroll's ORDER FOR CERTAIN SUBCLASS B JURISDICTIONS that Subclass B jurisdictions which have agreed upon a remedy, but have not submitted settlement documents shall, by **2/12/88**, file with the court either (1) an appropriate package of settlement documents; or (2) a detailed explanation of the reason for the jurisdiction's inability to submit settlement documents by that date; that all Subclass B jurisdictions which have not reached a settlement, and which are not already set for a remedy hearing, shall, by **2/12/88**, file with the court a statement advising the court of the jurisdiction's case status so that the court may schedule remedy hearings where appropriate; that, at or before the time of any hearing to ascertain fairness of proposed settle- |

OPTION B

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET    (Atty Ray Ward)

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1274-N |
|---|---|---|
| JOHN DILLARD, et al. | PICKENS COUNTY BOARD OF EDUCATION | PAGE 5 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Jan. 26 | | ment agreement, the juridiction shall file with the court or the Attorney General evidence (affidvit of publication) that notice to class has been published in accordance with the court's order requiring same and a copy of the letter from the Attorney General of the United States granting preclearance of the proposed remedy under Section 5 of the Voting Rights Act of 1965, 42 USC 1073. (Copies mailed to counsel.) |
| Feb. 10 | | Parties' joint motion for notice and approval of proposed compromise and settlement. (Proposed first order tentatively approving compromise and requiring notice to the class, proposed notice to class, proposed finding and recommendation of the Magistrate, proposed final order approving settlement and proposed consent decree, with exhibits, attached.) Referred to Magistrate Carroll and Judge Thompson. |
| 17 | | FIRST ORDER TENTATIVELY APPROVING COMPROMISE AND REQUIRING NOTICE TO THE CLASS directing the defendant to cause the notice attached to this order to be published in The Pickens Co Herald once a week for 3 successive weeks prior to 3/15/88; directing that maps of the districts shall be displayed in the City Hall during normal business hours; ordering that copies of the attached notice be provided by the defendant to representatives of all local media and to any black community organizations who may request a copy thereof; DIRECTING the Magistrate to conduct a hearing for considering any objections by members of the plaintiff class to the proposed compromise and settlement. The **hearing** shall be held in the federal courthouse, Montgomery, Alabama, on **3/25/88** at 2:00 p.m. (Notice attached requires objections to be filed by 3/22/88) (Copies mailed to counsel.) EOD 2/17/88. |
| Mar. 25 | | **Hearing** - proposed settlement. |
| 29 | | Magistrate Carroll's RECOMMENDATION that the plan submitted by the parties should be implemented as the Court's own interim plan for the conduct of the imminent primary elections. (Copies mailed to counsel.) EOD 3/30/88. |
| 31 | | Courtroom deputy's minutes of 3/25/88 hearing; lists of witnesses and exhibits attached. [PROOF OF PUBLICATION included as exhibit.] |
| Apr. 1 | | ORDER APPROVING SETTLEMENT ON AN INTERIM BASIS (1) approving and adopting the recommendation of the Magistrate; and (2) adopting the proposed consent decree previously submitted by the parites as the court's own interim plan for the conduct of the primary elections. (Copies mailed to counsel.) EOD |
| 21 | | Received cy of U. S. Department of Justice's ltr to defendant re preclearance. |
| 22 | | Plaintiffs' motion for award of attorneys fees and expenses from members of subclasses B and C. Referred to Judge Thompson. |
| 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred to Judge Thompson. |

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | PICKENS COUNTY BOARD OF EDUCATION | DOCKET NO. 87-T-1274-N |
| | | PAGE 6 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, ~~all~~ Subclass B and C defendants--except Baldwin County Board of Education and City of Lisman] as follows: 1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By **5/16/88** liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by 5/30/88 provide liaison counsel with a statement of its objection. 4. On or before **6/10/88** liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By **6/24/88** plaintiffs shall file their brief in support of their motion for fees. 6. By **7/1/88** liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A **hearing** on the plaintiffs motion for fees will be conducted on **7/8/88** at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By **6/10/88** liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| | 29 | Magistrate Carroll's FINDING AND RECOMMENDATION that the Court give immediate final approval of the proposed consent decree. (Copies mailed to counsel.) EOD 4/29/88. |
| | 29 | FINAL ORDER APPROVING SETTLEMENT (1) approving and adopting the recommendation of the Magistrate; and (2) approving finally the proposed consent decree previously submitted by parties. (Copies mailed to counsel.) EOD 4/29/88. |
| | 29 | CONSENT DECREE **ENJOINING** defendant, its agents, etc., from conducting the elections for the Board of Education under the present at-large election system and FURTHER **ENJOINING** as follows: (1) Elections shall be conducted from 5 single-member districts; maps and description attached; members elected shall continue to serve 6 year staggered terms. (2) Elections from single-members districts to be conducted as set out in order. (3) In accordance with Section 17-5-1 et seq., Code of Alabama, 1975, a polling place shall be provided in each district. (4) Defendant shall see that a plan is developed to assign voters to districts not later than 7 months prior to next election and shall be implemented and completed not later than 3 months prior to elections. (5) Plaintiffs are prevailing parties for purpose of award of attorneys' fees, etc; if not resolved by the parties the court will, upon motion by any party, set the isse for hearing. (Copies mailed to counsel w/o attachments.) EOD 4/29/88. |

*Closed*

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET    (Atty Ray Ward)

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1274-N |
|---|---|---|
| JOHN DILLARD, et al. | PICKENS COUNTY BOARD OF EDUCATION | PAGE 6 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| May 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| Sep 1 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |